1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9   Hugo Epitacio Barron,                )    CIV-09-2206-PHX-GMS (MHB)
                                         )
10             Plaintiff,                )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12   Joseph Arpaio,                      )
                                         )
13             Defendant.                )
                                         )
14

15         Plaintiff Hugo Epitacio Barron, who is confined in the Lower Buckeye Jail in

16   Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983

17   (Doc. #1).  The Court screened the Complaint in an Order filed on December 11, 2009.

18   (Doc. #4.)  In the screening Order, the Court ordered Plaintiff to complete and return the

19   service packet to the Clerk of the Court within 20 days, after which the United States

20   Marshal would notify the Defendant and effect service.  (Doc. #4.)  Additionally, Plaintiff

21   was warned that if he failed to timely comply with the provisions set forth in the screening

22   Order, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

23   Procedure.  (Doc. #4.)

24         The deadline for returning the completed service packet passed, and Plaintiff neither

25   returned the completed service packet to the Court nor otherwise effected service on

26   Defendant.  Accordingly, the Court ordered Plaintiff to show cause on or before February 9,

27   2010, why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules

28   of Civil Procedure for failure to comply with the Court's Order.  (Doc. #6.)  Plaintiff has not

1   responded to the order to show cause or communicated with the Court.  The Court, therefore,

2   will determine whether dismissal is appropriate.

3         Plaintiff has the general duty to prosecute this case.  See Fidelity Philadelphia Trust

4   Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  Rule 41(b) of the

5   Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or

6   to comply with these rules or any order of court, a defendant may move for dismissal of an

7   action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court

8   recognized that a federal district court has the inherent power to dismiss a case *sua sponte*

9   for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil

10   Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances,

11   the Court may dismiss a complaint for failure to prosecute even without notice or hearing.

12   See id. at 633.

13         In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

14   the Court must weigh the following five factors:  "(1) the public's interest in expeditious

15   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

16   the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

17   availability of less drastic sanctions."  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)

18   (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these

19   factors favor the imposition of sanctions in most cases, while the fourth factor cuts against

20   a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser

21   sanctions."  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

22         Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure

23   to respond to Court orders prevents the case from proceeding in the foreseeable future.  The

24   fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to

25   consider whether a less drastic alternative is available.  The Court has already ordered

26   Plaintiff to show cause why this matter should not be dismissed.  Plaintiff has not responded.

27

28

1       The Court finds that only one less drastic sanction is realistically available. Rule

2  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

3  merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,

4  the Court finds that a dismissal with prejudice would be unnecessarily harsh. The amended

5  complaint and this action will therefore be dismissed without prejudice pursuant to Rule

6  41(b) of the Federal Rules of Civil Procedure.

7       **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules

8  of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall

9  enter judgment accordingly.

10       DATED this 23rd day of February, 2010.

11

12

13

_____
G. Murray Snow
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -